UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
SECURITIES AND EXCHANGE            )
COMMISSION,                        )
                                   )
            Plaintiff,             )        Civ. A. No. 1:11-cv-11888-RGS
                                   )
    v.                             )
                                   )
ANDREY C. HICKS, and               )
LOCUST OFFSHORE MANAGEMENT, LLC,   )
                                   )
            Defendants,            )
                                   )
    and                            )
                                   )
LOCUST OFFSHORE FUND, LTD.,        )
                                   )
            Relief Defendant.      )
_____)

**FINAL JUDGMENT AS TO DEFENDANT ANDREY C. HICKS**

The Securities and Exchange Commission ("Commission") having filed a Complaint and

Defendant Andrey C. Hicks ("Hicks") having failed to answer, plead or otherwise defend in this

action, a default having been entered against him on February 17, 2012, the Court having

considered the Commission's motion for entry of a default judgment and all the pleadings and

evidence submitted in support thereof; and the Court having determined that Hicks is not an

infant, incompetent person or in the military service of the United States:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Hicks and each of his

agents, servants, employees, attorneys, and all persons in active concert or participation with

them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

      (a)     to employ any device, scheme, or artifice to defraud;

      (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Hicks and each of his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in the offer or sale of any security.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Hicks and each of his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8], by acting as an investment advisor to a pooled investment vehicle and using, directly or indirectly, the mails or any means or instrumentality of interstate commerce:

(a)     to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances in which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

3

(b)    to engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Hicks is liable for disgorgement in the amount of $2,481,004, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $31,054.39, for a total of $2,512,058.39. This disgorgement obligation shall be satisfied in part by completion of the payments described in Paragraph VII of this Final Judgment. Hicks shall pay the remainder of disgorgement and prejudgment interest within fourteen (14) days after entry of this Final Judgment. Hicks' liability for this amount of disgorgement and prejudgment interest shall be joint and several with that of Locust Offshore Management, LLC ("LOM"), which is liable for disgorgement and prejudgment interest of the same amount as set forth in a separate final judgment issued against LOM. Any amounts recovered from LOM in connection with this disgorgement liability, including, as set forth in a separate final judgment against LOM, the payments to be made to the Clerk of this Court by the custodians of any assets currently subject to the Temporary Restraining Order, Order Freezing Assets and Other Equitable Relief entered on October 26, 2011 and converted into a preliminary injunction on October 28, 2011 ("Asset Freeze") in this action, shall be credited towards Hicks' disgorgement obligation pursuant to this Final Judgment. In addition, any amounts recovered from Hicks in connection with his obligation to pay restitution pursuant to a final judgment entered against him in any criminal proceeding (including any forfeiture actions brought by the United States) based upon

4

the same conduct alleged in the Complaint in this action shall be credited toward Hicks'
disgorgement obligation pursuant to this Final Judgment.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Hicks shall
pay a civil penalty in the amount of $ 2,512,058. 39  pursuant to Section 20(d) of the
Securities Act [15 U.S.C. §77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)],
and Section 209(e) of the Advisers Act [15 U.S.C. §80b-9(e)]. Hicks shall make his payment
within fourteen (14) days after entry of this Final Judgment.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the
payments required pursuant to Paragraphs IV and V above shall be made by money order,
certified check or cashier's check made payable to the Clerk, United States District Court for the
District of Massachusetts. The payments shall be mailed to the Clerk of this Court at the John
Joseph Moakley U.S. Courthouse, One Courthouse Way, Boston, MA 02210, with a cover letter
identifying the payee, the name and number of this action, and the name of this Court, and copies
of the payment and cover letter shall be mailed to counsel of record for the Commission. Upon
payment of the disgorgement and penalty obligations set forth above, Hicks shall relinquish all
legal and equitable right, title and interest in such payments, and no part of the funds shall be
returned to him. The Clerk shall deposit the payments into an account with the Court Registry
Investment System ("CRIS"). These funds, together with any interest and income earned
thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In

5

accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of the Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as a civil penalty pursuant to this Final Judgment shall be treated as a penalty paid to the government for all purposes, including all tax purposes.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that:

A.     All banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of defendants or over which defendants exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

6

B.      The above Paragraph VII.A shall immediately cease to apply to any assets located within the United States, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof, to the extent such later order requires the transfer of any asset to the United States government.

C.      The above Paragraph VII.A shall cease to apply one year from the date of this judgment.

### VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

Dated: __3 -20 -__, 2012

7